# In re NORTHWEST AIRLINES FLIGHT NW1821

File A99 980 066 - Detroit

*Decided March 28, 2001*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

A carrier is subject to fine under section 231(b) of the Immigration and Nationality Act, 8 U.S.C. § 1221(b) (Supp. IV 1998), when it fails to file a properly completed Form I-94T (Arrival-Departure Record (Transit Without Visa)) for an alien who is a transit without visa passenger not departing directly on the same flight.

Pro se

FOR THE IMMIGRATION AND NATURALIZATION SERVICE: Renee L. Renner, Acting Appellate Counsel

BEFORE: Board En Banc:  SCHMIDT, Chairman; DUNNE, Vice Chairman; SCIALABBA, Vice Chairman; HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, GUENDELSBERGER, MATHON, ROSENBERG, JONES, GRANT, MOSCATO, MILLER, BRENNAN, ESPENOZA, and OSUNA, Board Members.[1]

COLE, Board Member:

In a decision dated June 17, 1998, the director of the Immigration and Naturalization Service National Fines Office ("director") imposed administrative fines totaling $300 for one violation of section 231(b) of the Immigration and Nationality Act, 8 U.S.C. § 1221(b) (Supp. IV 1998).  The carrier has appealed.  The appeal will be dismissed.

## I.  BACKGROUND

The record reflects that a passenger was brought to the United States under the terms of the Immediate and Continuous Transit Agreement Between a Transportation Line and United States of America (special direct transit procedure) (Form I-426).  The passenger departed the United States on December 21, 1997, on board Northwest Airlines Flight NW1821.  A departure manifest, i.e., a Form I-94T (Arrival-Departure Record (Transit Without Visa)), was not received for the alien passenger.

---

[1]  Board Member Kevin A. Ohlson did not participate in the decision in this case.

On April 4, 1998, the director issued a Notice of Intention to Fine Under Immigration and Nationality Act (Form I-79) to the carrier for failure to submit a Form I-94T upon the departure of the alien passenger. The carrier replied to the Notice of Intention to Fine, arguing that no fine could be imposed under section 231 of the Act because that section specifically refers only to Form I-94 (Arrival-Departure Record). The carrier also asserted that the penalties related to Form I-94T are listed in Form I-426 and 8 C.F.R. §§ 212.1(f) and 238.3 (1997).[2] The carrier asserted that because there was no reference to section 231 of the Act in these forms and regulations, the omission indicates that section 231 was never intended to apply to Form I-94T. Finally, the carrier argued that because there are higher performance standards already in place for TWOV alien departures from the United States, the regulatory authorities did not need to include Form I-94T in provisions regarding Form I-94, which are set forth in section 231 of the Act.

On June 17, 1998, the director issued a decision finding it undisputed that the alien passenger was transported to the United States under the terms of the Immediate and Continuous Transit Agreement; that the alien passenger departed the United States on the same day on Northwest Airlines Flight NW1821; and that a departure manifest form for the alien passenger was not received. The $300 fine was imposed in full.

On appeal, the carrier asserts that no penalty can be imposed under section 231(d) of the Act for its failure to file the Form I-94T. It restates its earlier arguments that section 231(b) of the Act does not encompass Form I-94T.

## II.  SECTION 231(b) OF THE ACT

Section 231(b) of the Act provides, in relevant part, as follows:

> It shall be the duty of the master or commanding officer or authorized agent of every vessel or aircraft taking passengers on board at any port of the United States, who are destined to any place outside the United States, to file with the immigration officers before departure from such port a list of all such persons taken on board. *Such list shall be in such form, contain such information, and be accompanied by such documents, as the Attorney General shall prescribed by regulation as necessary for the identification of the persons so transported and for the enforcement of the immigration laws. . . .* This subsection shall not require the master or commanding officer, or authorized agent, owner, or consignee of a vessel or aircraft to furnish a list or manifest relating (1) to an alien crewman or (2) to any other person departing by air on a trip originating in the United States who is destined to foreign

---

[2]  Effective April 1, 1997, 8 C.F.R. § 238.3 was redesignated as 8 C.F.R. § 233.3, and paragraph (b) was revised.

contiguous territory, except (with respect to such departure by air) as may be required by regulations issued pursuant to section 239. [3]   (Emphasis added.)

In compliance with this directive, the Attorney General promulgated regulations listing such additional or supplemental information.  *See* 8 C.F.R. §§ 231.1-231.3 (2001).  The regulation at 8 C.F.R. § 231.2 provides, in relevant part, as follows:

> The master, captain, or agent of every vessel or aircraft departing from the United States for a foreign place or outlying possession of the United States shall present a departure manifest to the immigration officer at the port of departure.  *The manifest must be in the form of a properly completed departure portion of Form I-94, Arrival/Departure Record, for each person on board except for United States citizens, and lawful permanent resident aliens of the United States. . . .*  Whenever possible, the departure Form I-94 used shall be the same form given the alien at the time of arrival in the United States.  *Carriers shall endorse the Form I-94 with the departure information on the reverse of the form. . . .*  Submission of Forms I-94 and I-92 to the immigration officer shall normally be accomplished within 48 hours of the departure, exclusive of Saturdays, Sundays, and legal holidays.  Failure to submit departure manifests within this time period shall be regarded as failure to comply with section 231(d) . . . .  Aircraft manifests should not include I-94 forms for in-transit passengers referred to in paragraph (b) of § 231.1.  (Emphasis added.)

In addition, 8 C.F.R. § 231.1(b) states, in relevant part, as follows:

> *In-Transit Passengers.*  An Arrival/Departure Record, Form I-94, is not required for an arriving, through-flight passenger at a United States port provided:
>
> (1) The passenger will depart directly to a foreign place or outlying possession of the United States on the same flight . . . .

Section 231(d) of the Act provides for a penalty of $300 for each violation of section 231(b).

## III.  DISCUSSION

It is undisputed that the carrier did not timely submit a properly completed Form I-94T.  Under section 231(b) of the Act, the carrier is obligated to submit a departure manifest, with exceptions in only two instances.  Neither of the exceptions listed in section 231(b) applies to this case.  The alien was not a

---

[3]  Section 239 of the Act was redesignated as section 234 by section 304(a)(1) of the Illegal Immigrant Reform and Immigrant Responsibility Act of 1996, Division C of Pub. L. No. 104-208, 110 Stat. 3009-546, 3009-587.

crew member, nor was he departing by air to a contiguous foreign territory. *See Matter of Aero-Mexico "Flight #142"*, 15 I&N Dec. 392 (BIA 1975). Because neither of the two exceptions applies, the carrier is required by section 231(b) to submit a departure manifest. As is noted by the carrier, section 231(b) of the Act does not refer to Form I-94. Section 231 merely requires the carrier to submit the departure information in the form and using the documents prescribed by regulation.

The regulation at 8 C.F.R. § 231.2 provides that a carrier's manifest under section 231(b) of the Act must be in the form of a properly executed Form I-94. It further provides that the only exception under which manifests should not include I-94 forms concerns in-transit passengers referred to in 8 C.F.R. § 231.1(b), i.e., those who will depart directly to a foreign place or outlying United States possession on the same flight. This exception is inapplicable in the present case. Under the regulations, therefore, the carrier was clearly required to submit a properly completed Form I-94. As it did not do so, the carrier is liable for a fine under section 231(b) of the Act.

We conclude that the director properly relied on the carrier's failure to file a Form I-94T reflecting the alien passenger's departure from the United States. The front side of the Form I-94T designates the form as "I-94T Arrival/Departure Record-Instructions, Transit Without Visa (TWOV)." The form has a block for the arrival record and a block for the departure record. On the reverse side of the form, the directions state, in part, as follows:

> This form must be *completed by the carrier* with actual departure information. *It is to be submitted by the carrier to the Immigration and Naturalization Service at the port of departure foreign no later than the third calendar day after arrival.* (Emphasis added.)

According to 8 C.F.R. § 103.2(a)(1) (2001),

> [e]very application, petition, appeal, motion, request, or *other document submitted on the form prescribed by this chapter shall be executed and filed in accordance with the instructions on the form, such instructions (including where an application or petition should be filed) being hereby incorporated into the particular section of the regulations in this chapter requiring its submission.*" (Emphasis added.)

It is clear from the directions on the back of Form I-94T that the carrier is required to submit the form to the Service, as provided in 8 C.F.R. § 231.2.

Furthermore, the Immediate and Continuous Transit Agreement, Form I-426, states, in paragraph number 2, that "the line shall present such documents for each alien transported under this agreement *as may be required by Title 8, Code of Federal Regulations.*" (Emphasis added.) Consequently, such agreement requires the filing of Form I-94T. The carrier argues that Form I-426 and 8 C.F.R. §§ 212.1(f) and 238.3 impose the sole penalties for failure to file

a Form I-94T.  However, neither paragraph number 7 of Form I-426[4] nor the regulations refer to the requirement of filing a departure manifest, and they are therefore inapplicable.

Because we find that the carrier has committed one violation of section 231(b) of the Act, it is liable for a fine in the amount of $300.  Accordingly, the appeal will be dismissed.

**ORDER:**  The appeal is dismissed.

---

[4]  Paragraph number 7 of Form I-426 provides, in relevant part, "[t]hat for each and every failure to transport any alien brought to the United States under this agreement . . . the line shall pay . . . the sum of Five Hundred Dollars ($500) . . . ."